**Dated: December 07, 2018
The following is SO ORDERED:**



_____
**Paulette J. Delk
UNITED STATES BANKRUPTCY JUDGE**

_____

```
                   UNITED STATES BANKRUPTCY COURT
                   WESTERN DISTRICT OF TENNESSEE
```

| | |
|---|---|
| In Re: | Chapter 13 |
| KYNA LOUISE COOPER | |
| Debtor(s) | Case No. 18-27222-D |

Order Confirming Plan Combined With Related Orders

It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

    Debtor One Employer   SEDGWICK INC                      $800.00 EVERY TWO WEEKS

    If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,766.00. The attorney has received $34.00 to be retained.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

CC: George W. Stevenson

JIMMY MCELROY, ATTY
3780 S MENDENHALL, #202
MEMPHIS, TN  38115

/s/ George W. Stevenson
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re:    KYNA LOUISE COOPER                                Case No.18-27222-D

Debtor(s).                                                  Chapter 13

## CHAPTER 13 PLAN

ADDRESS:    1935 KENMONT DRIVE
            CORDOVA, TN 38016-0000

PLAN PAYMENT:

Debtor 1   SEDGWICK INC                     Payroll        $800.00   EVERY TWO WEEKS
           1100 RIDGEWAY LOOP STE 200
           ATTN PAYROLL DEPT
           MEMPHIS, TN 38120

1. THIS PLAN [3015.1 Notice]:

   (A)  CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)           YES
   (B)  LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF           YES
        THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
   (C)  AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)            NO

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Included in Plan; Debtor(s) to provide proof of insurance at 341 meeting.

   2015 GMC ACADIA                   Plan Insurance Is Suspended              $0.00

                                     Sch/Clm      Value      Interest    Mthly Pymt

4. DOMESTIC SUPPORT:

5. PRIORITY CLAIMS:

6. HOME MORTGAGE CLAIMS:
   BANK OF AMERICA                   Nov 01, 2018            0.00%        $843.43
                                     9,824.00                0.00%        $165.00

7. SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]:
   ALLY FINANCIAL                    20,900.00  $20,900.00   6.25%        $420.00

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

10. SPECIAL CLASS UNSECURED CLAIMS:

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
    GLHEC AND AFFILIATES                       Debt not provided for
    GLHEC AND AFFILIATES                       Debt not provided for
    NAVIENT SOLUTIONS INC                      Debt not provided for
    TGSLC DBA TRELLIS COMPANY                  Debt not provided for

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

| Creditor | Amount |
|---|---|
| BECKET & LEE LLP | $295.00 |
| DIVERSFIELD CONSULTANTS | $110.00 |
| HUMMINGBIRD FUNDS/BLUE TRUST LOANS | $2,262.51 |
| BECKET & LEE LLP | $287.11 |
| GLHEC AND AFFILIATES | $0.00 |
| QUANTUM3 GROUP LLC AS AGENT FOR CO | $380.38 |
| PROFESSIONAL CREDIT OF JONESBORO | $146.00 |
| CONSOLIDATED RECOVERY SYSTEMS | $2,111.82 |
| TGSLC DBA TRELLIS COMPANY | $0.00 |
| GLHEC AND AFFILIATES | $0.00 |
| CAPITAL ONE BANK USA NA | $299.83 |
| [Add] AT&T SERVICES INC | $914.45 |
| [Add] UNITED CONSUMER FINANCIAL SERVICES | $756.75 |
| [Add] CONSOLIDATED RECOVERY SYSTEMS | $55.07 |
| [Add] CONSOLIDATED RECOVERY SYSTEMS | $62.16 |
| [Add] CONSOLIDATED RECOVERY SYSTEMS | $965.20 |
| [Add] CONSOLIDATED RECOVERY SYSTEMS | $149.60 |
| [Add] CONSOLIDATED RECOVERY SYSTEMS | $161.45 |
| [Add] NAVIENT SOLUTIONS INC | $0.00 |
| [Add] ALLY FINANCIAL | $3,134.85 |

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: 5,600.51

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY 60 MONTHS.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISION(S):

   ANY NON STANDARD PROVISION STATED ELSEWHERE IS VOID

20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.